UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN LEE COUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:11-cv-00441-TWP-TAB |
| ) | |
| STATE OF INDIANA, ) | |
| CITY OF NOBLESVILLE POLICE ) | |
| DEPARTMENT, ) | |
| HAMILTON COUNTY SHERIFFS ) | |
| DEPARTMENT, ) | |
| INDIANA DEPARTMENT OF CORRECTION, ) | |
| MIAMI CORRECTIONAL FACILITY, ) | |
| DANIEL J. PFLEGING, ) | |
| DAVID NAJJAR, ) | |
| HAMILTON COUNTY PROSECUTOR OFFICE, ) | |
| HAMILTON COUNTY SHERIFF, ) | |
| HAMILTON COUNTY JAIL DIVISION, ) | |
| STEVEN PETER STOESZ, ) | |
| FRED RICE, ) | |
| LAURA JOHNSON, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING POST-JUDGMENT MOTIONS

Final Judgment was entered on April 28, 2011. Dkt. 12. This matter is before the Court on Plaintiff John Lee Couch's post-judgment motions for injunctive relief, dkts. 23 and 25, and motion to proceed on appeal *in forma pauperis*, dkt. 26. For the reasons explained below, these motions are denied.

### I. Motions for Injunctive Relief

Mr. Couch's Emergency Motion for Preliminary Injunction, dkt. [23], motion to change venue and injunctive relief request, dkt. [25], are **denied.** This case is closed and has been for more than a decade.

Mr. Couch is now warned that he may not file additional post-judgment motions in this lawsuit. The filing of such motions consumes limited judicial resources and detracts from resolution of live cases. *See Thelen v. Cross*, 656 Fed. Appx. 778 (7th Cir. 2016) (imposing filing ban and citing *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)). "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 184 (1989) (internal quotation omitted)). If Mr. Couch violates this Order, he may face sanctions, up to and including a restriction on future filings.

## II.  Motion to Proceed on Appeal *In Forma Pauperis*

Mr. Couch also seeks leave to proceed on appeal without prepayment of the appellate fees of $605.00.  "An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" within the meaning of § 1915 is judged by an objective, not a subjective, standard. *See Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013) (stating that bad faith is a phrase that is understood to mean objective frivolousness). At this time, there is no objectively reasonable argument Mr. Couch could present to argue that the disposition of this case or the Order denying the more recently filed post-judgment motions was erroneous.  In pursuing an appeal, therefore, the Mr. Couch "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, Mr. Couch's appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis*, dkt. [26], is **denied**.

IT IS SO ORDERED.

Date: 4/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN LEE COUCH
8845 Jackson Street
Indianapolis, IN 46231